UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Theodore Stolman
Carol Chow

Attorneys Present for Defendants:

Stephen Owen
Kim Gage
Daniel Lev

**Proceedings:**  CITY OF COVINA'S MOTION TO DISMISS BANKRUPTCY APPEAL AND REQUEST FOR SANCTIONS (Dkt. No. 20, filed July 10, 2015)

FRENCH AUTOMOBILE LLC's *EX PARTE* APPLICATION TO FILE SUR-REPLY (Dkt. No. 34, filed July 26, 2015)

## I.   INTRODUCTION

French Automobile LLC ("French") appeals an order of the United States Bankruptcy Court for the Central District of California approving a settlement agreement (the "Global Settlement") in this Chapter 7 bankruptcy case (the "HIP case").[1] The same Global Settlement was approved by separate order in the related bankruptcy case In re West Covina Motors, Inc. (the "WCM case").[2] The Global Settlement was reached between the Chapter 7 Trustee for the HIP estate, Howard M. Ehrenberg (the "HIP Trustee"); the Chapter 7 Trustee for the WCM estate, David A. Gill (the "WCM Trustee"); CorePointe Capital Finance LLC ("CorePointe"); and the City of West Covina (the "City"). French—which claims to be a creditor of the WCM estate, but not the HIP estate—asserts that the Global Settlement impairs its security interest in cash collateral held by the WCM estate, and that the Bankruptcy Court denied French due process.

---

[1] Bankruptcy Court No. 2:11-bk-42068-ER (Bankr. C.D. Cal., filed July 27, 2011).

[2] Bankruptcy Court No. 2:12-bk-52197-ER (Bankr. C.D. Cal., filed Dec. 28, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

    On July 10, 2015, the City filed a motion to dismiss French's appeal in the HIP case, and for an award of sanctions against French and its attorneys. Dkt. No. 20. The Court granted the City's contemporaneously filed *ex parte* application to have that motion heard on an expedited basis. Dkt. No. 29. On July 20, 2015, French filed an opposition to the instant motion. Dkt. No. 30. The City replied on July 23, 2015. Dkt. No. 31. On July 26, 2015, French filed a sur-reply and an *ex parte* application for leave to file that sur-reply.³ Dkt. Nos. 33, 34. On July 27, 2015, the Court held a hearing. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.     BACKGROUND**

    French is controlled by an individual named Ziad Alhassen ("Alhassen"), who previously controlled both Hassan Import Partnerships ("HIP"), a land holding company, and West Covina Motors, Inc. ("WCM"), a company that operated two car dealerships in the City of West Covina. Dkt. No. 20 (Mot.) at 5. On July 27, 2011, HIP filed for Chapter 11 bankruptcy relief. On January 2, 2013, the Bankruptcy Court ordered that the HIP bankruptcy be converted to one under Chapter 7, and Howard Ehrenberg was appointed as the trustee. HIP Bankr. Dkt. No. 1270 at 2. On the petition date, HIP claimed ownership interests in eleven real property assets, which have since been liquidated by the HIP Trustee. Id. French has not claimed to be a creditor of the HIP estate.

    On December 28, 2012, WCM filed for Chapter 11 bankruptcy relief. WCM Bankr. Dkt. No. 1. In March 2013, the Bankruptcy Court ordered that the case be converted to one under Chapter 7, and appointed David A. Gill as the trustee. WCM Bankr. Dkt. Nos. 181, 184. As of May 13, 2015, the WCM estate possessed approximately $259,280 in cash. WCM Bankr. Dkt. No. 539 at 3.

    On April 22, 2015, the HIP and WCM Trustees filed motions in their respective bankruptcy cases for orders approving the Global Settlement. HIP Bankr. Dkt. No. 1263;

---

    ³French's sur-reply largely advances arguments that were or could have been raised in prior filings. Nonetheless, the Court has read and considered the sur-reply, and **GRANTS** French's *ex parte* application to file it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

WCM Bankr. Dkt. No. 516. As it relates to HIP, the Global Settlement primarily (1) fixes the City's claim as a non-priority general unsecured claim in the amount of $14,041,352.63, and (2) grants the WCM Trustee the sum of $200,000 in satisfaction of his administrative claim for benefits provided to the HIP estate. HIP Bankr. Dkt. No. 1270 at 3. The Global Settlement also provides for the disposition of funds paid by the County of Los Angeles to the WCM estate in exchange for two vehicles (the "Disputed Funds").[4] French claims to hold a senior perfected security interest in the Disputed Funds, in the amount of $125,500.[5] CorePointe has asserted a competing security interest in the Disputed Funds. French represents that it and CorePointe previously entered into a settlement agreement by which French would receive sixty percent of the Disputed Funds, and CorePointe would receive forty percent. The Global Settlement, however, directs that the WCM Trustee pay the Disputed Funds to CorePointe.

French opposed the WCM Trustee's motion, arguing that the Global Settlement would impair French's alleged senior interest in the Disputed Funds. Neither French nor any other party opposed the HIP Trustee's motion.[6] On May 13, 2015, the Bankruptcy

---

[4] Unless otherwise noted, the remaining background facts are drawn from this Court's order denying French's *ex parte* application for a stay pending appeal, Dkt. No. 19, and from the Bankruptcy Court's order denying French's motion for a stay pending appeal, HIP Bankr. Dkt. No. 1298.

[5] Counsel for French has represented that the amount it is actually seeking from the WCM estate is $90,000, which accounts for the WCM Trustee's anticipated surcharge. See Dkt. No. 20-1 at 11; WCM Bankr. Dkt. No. 567 at 9 n.13.

[6] The HIP Trustee's motion was served on Alhassen, and on "Carol Chow on behalf of Debtor Hassen Imports Partnership." HIP Bankr. Dkt. Nos. 1263 at 30 & 1264 at 7, 12. Based on this, the City argues that French received actual notice of the HIP Trustee's motion because it was served on (1) "French's attorney in this case, who also doubles as counsel for HIP," and (2) "on French's principal." Mot. at 7. French counters that Chow withdrew as counsel of record from the HIP bankruptcy case on April 10, 2014, over a year before the HIP Trustee's motion to approve the Global Settlement was filed, and for that reason was not monitoring the HIP docket. HIP Bankr. Dkt. No. 1106; Dkt. No. 30-2 (Chow Decl.) ¶ 3. It is undisputed, however, that counsel for French was present for the hearings on both motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

Court held hearings on both motions. See generally Dkt. No. 20-1 (May 13, 2015 Oral Arg. Tr.). At the hearing on the WCM Trustee's motion, French's counsel, Theodore Stolman ("Stolman"), suggested that the Bankruptcy Court, to make clear its intention not to alter the rights, claims, or interests of French and CorePointe in the disputed funds, "add some language that nothing herein is intended to affect the respective rights, claims, interests and priorities of French Auto and CorePointe to the . . . net proceeds attributable to the sale of the two auto vehicles to the County of Los Angeles." Id. at 2–4. Stolman also suggested that the Bankruptcy Court order that the Disputed Funds be "maintained in a segregated identifiable account" by CorePointe. Id. at 5.

The Bankruptcy Court granted both Chapter 7 trustees' motions on May 27, 2015, approving the Global Settlement. As a result of arguments French raised during the hearing on the WCM Trustee's motion, however, the Bankruptcy Court modified both orders approving the Global Settlement to include the following language:

> Nothing in this order is intended to or shall be construed to affect the validity, priority, amount and extent of the security interests, if any, of French or CorePointe in the [Disputed Funds] to be paid by the WCM Trustee to CorePointe under paragraph 4(b) of the [Global Settlement] Agreement.[7]

HIP Bankr. Dkt. No. 1273 at 3; WCM Bankr. Dkt. No. 542 at 2. French nonetheless contends that approval of the Global Settlement impairs its lien rights on the Disputed Funds because French did not record a UCC-1 Continuation Statement following the WCM bankruptcy petition date. French contends that while its priority status is fixed at the petition date for purposes of the bankruptcy case, its priority status will lapse outside of bankruptcy once the Disputed Funds are removed from the WCM estate, and it will be

---

[7] The Bankruptcy Court declined to order that the Disputed Funds be kept in a segregated account. See Dkt. No. 20-1 at 12; WCM Bankr. Dkt. No. 542.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

relegated to a general unsecured creditor of the administratively insolvent WCM estate.[8] See Dkt. No. 30 (Opp'n) at 2.

On May 28, 2015, French filed notices of appeal in both bankruptcy cases, arguing that the Bankruptcy Court failed to provide French due process with regard to the Disputed Funds. HIP Dkt. No. 1279; WCM Dkt. No. 548. As discussed below, French contends that it appealed the order in the HIP case because it had become apparent that the City "intended to use the HIP Order against French." Opp'n at 3.

On June 9, 2015, counsel for French suggested to counsel for the City and the HIP Trustee that French dismiss its appeal in the HIP case in exchange for an agreement by all settling parties not to "use" the HIP order against French. Dkt. No. 30-1 (Stolman Decl.) ¶¶ 5–8.[9] French's counsel declares that counsel for the City described the offer as "intriguing" and indicated that he would follow up with the other parties, but never responded to the proposal. Id. ¶¶ 6, 9. However, the HIP Trustee subsequently filed an opposition to French's motion to stay the case pending appeal in which the HIP Trustee argued that French lacked standing to maintain its appeal in the HIP case. Dkt. No. 11 at 2. The City joined in the HIP Trustee's opposition and filed a separate opposition in which it argued that French lacked standing and waived any right it had to appeal the HIP Trustee's motion by failing to oppose it in the Bankruptcy Court. Dkt. No. 12 (joinder); Dkt. No. 13 at 2, 4, 10–11.

---

[8]The WCM Trustee has represented that due to "the amount of cash on hand, administrative claims, and priority claims, there will not be any distribution to general unsecured creditors." WCM Bankr. Dkt. No. 516 at 17–18 (footnotes omitted).

[9]To the extent they are not mooted by the disposition of this motion, the City's evidentiary objections to evidence of French's compromise offer based on Federal Rule of Evidence 408 are OVERRULED. French's references to its offer to dismiss this appeal on certain conditions are not offered "to prove or disprove the validity . . . of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," but rather for "another purpose," namely, rebutting the City's contention of bad faith. See Fed. R. Evid. 408(a), (b); see also Athey v. Farmers Ins. Exch., 234 F.3d 357, 362 (8th Cir. 2000) (admitting evidence of settlement offer to prove bad faith).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

### III.  ANALYSIS

####   A.  Standing

To establish standing under Article III, "the appellant need only allege an injury 'fairly traceable' to the wrongful conduct; that injury need not be financial." In re P.R.T.C., Inc., 177 F.3d 774, 777 (9th Cir. 1999). But because bankruptcy litigation "generally affect[s] the rights of many . . . . courts have created an additional prudential standing requirement in bankruptcy cases: The appellant must be a 'person aggrieved' by the bankruptcy court's order." Id.; see also In re Am. Eagle Mfg., Inc., 321 B.R. 320, 328 (B.A.P. 9th Cir. 1999) ("The Ninth Circuit Court of Appeals has adopted the 'person aggrieved' test . . . as the standard for determining whether a party possesses appellate standing under the [Bankruptcy] Code."). "This 'person aggrieved' requirement is more exacting than the requirements for general Article III standing." In re Andreuccetti, 975 F.2d 413, 416 (7th Cir. 1992); accord In re Heatherwood Holdings, LLC, 746 F.3d 1206, 1216 (11th Cir. 2014); Spenlinhauer v. O'Donnell, 261 F.3d 113, 117 (1st Cir. 2001); In re O'Brien Envtl. Energy, Inc., 181 F.3d 527, 530 (3d Cir. 1999). The party invoking appellate jurisdiction to review a bankruptcy court's order has the burden of demonstrating its standing. In re Hope 7 Monroe Streed Ltd. P'ship, 743 F.3d 867, 872 (D.C. Cir. 2014).

   1.  Whether French's Failure to Oppose the HIP Trustee's Motion Below Forecloses the Instant Appeal

As a general matter, "[p]rerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." In re Schultz Mfg. Fabricating Co., 956 F.2d 686, 690 (7th Cir. 1992) (citing In re Commercial W. Fin. Corp., 761 F.2d 1329, 1334–35 (9th Cir. 1985)); see also In re Wathen, 412 F. App'x 13, 14 (9th Cir. 2011) (unpublished) ("[A]n appellant lacks standing to challenge a decision rendered without her participation or objection."); In re Benham, No. LA CV 13-00205-VBF, 2014 WL 4543268, at *3 (C.D. Cal. Sept. 12, 2014) (appellant could not establish standing where he failed to lodge an oral or written objection to motions in the bankruptcy court). But these prerequisites are excused "if the objecting party did not receive proper notice of the proceedings below and of his opportunity to object to the action proposed to be taken," because under those circumstances "the requirements of due process outweigh those of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

judicial efficiency and certainty." Commercial W. Fin. Corp., 761 F.2d at 1335 (internal quotation marks and citation omitted).

  French does not meet at least one of these prerequisites for appellate standing in the bankruptcy context. As stated above, French did not oppose the HIP Trustee's motion in the Bankruptcy Court. See HIP Bankr. Dkt. No. 1298 at 1 ("French filed no objection or opposition to the settlement motion in this case."). And while French appears to argue that its failure to object should be excused because of insufficient service of the HIP Trustee's motion, it does not contest that Alhassen, its principal, was served with that motion. Even if he were not, or if such service was insufficient, French was clearly on notice of the Global Settlement and of the HIP Trustee's motion, the hearing for which was calendared and called at the same time and on the same day as the WCM Trustee's motion. French's counsel, Stolman, offered extensive argument during the hearing on the WCM Trustee's motion, but did not raise any objection when the Bankruptcy Court stated that it intended to grant the HIP Trustee's motion because there had "been no dispute" as to that motion. May 13, 2015 Oral Arg. Tr. at 20. The Court concludes that, having failed to oppose the HIP Trustee's motion below, French may not challenge it for the first time on appeal. See Schultz Mfg. Fabricating Co., 956 F.2d at 691 (appellants' failure to "present their objections to the bankruptcy court after receiving proper notice of the hearing precluded them from appealing the Sale Order to the district court").[10]

---

  [10]French also cites American Eagle Manufacturing Co., 231 B.R. at 328, for the proposition that "[t]he failure of a party to participate in the underlying proceeding does not necessarily deprive them of standing to appeal." Opp'n at 10. But that case is readily distinguishable, and does not alter the general rule stated above. In the portion cited by French, the Bankruptcy Appellate Panel merely rejected an argument that appellees—creditors who had filed a motion to certify the election and appointment of a Chapter 7 trustee—lacked standing to defend the granting of that motion on appeal because they failed to appear at a hearing on the matter. Am. Eagle Mfg. Co., 231 B.R. at 328. The appellate panel held that despite a local rule giving the bankruptcy court the discretion to treat failure to attend a hearing as an admission that the motion lacks merit, the bankruptcy court "was entitled to consider [appellees'] pleadings regardless of their appearance." Id. That case did not address a situation like the instance case, in which a party made no opposition at all (written or oral) before filing an appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

    2.    Whether French Meets the "Person Aggrieved" Test

    Even if French's failure to oppose the HIP Trustee's motion in the bankruptcy court could be excused, the Court would still conclude that French lacks standing to appeal the order granting that motion. "An appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." P.R.T.C., 177 F.3d at 777 (quoting Fondiller v. Robertson, 707 F.2d 441, 442 (9th Cir. 1983)); see also In re Popp, 323 B.R. 260, 265 (B.A.P. 9th Cir. 2005) ("A 'person aggrieved' is someone whose interest is directly affected by the bankruptcy court's order, either by a diminution in property, in increase in the burdens on the property, or some other detrimental effect on the rights of ownership inherent in the property."). "Whether an appellant is a person aggrieved is a question of fact," which the Ninth Circuit reviews for clear error. In re Parker, 139 F.3d 668, 670 (9th Cir. 1998), superseded by statute on other grounds as stated in In re Dumont, 581 F.3d 1104, 1119 (9th Cir. 2009); see also P.R.T.C., 177 F.3d at 777.

    It is undisputed that French is not a creditor or claimant of the HIP estate, and that the HIP estate never possessed or controlled the Disputed Funds to which French lays claim. Moreover, the order from which French appeals expressly states that it should not be construed as affecting French's security interest in the Disputed Funds. And the only harm French can identify from the HIP order depends on litigants in a distinct bankruptcy case using that order in the future to make an equitable mootness argument. Under these circumstances, French stretches the "person aggrieved" standard too far. See Spitz v. Nitschke, 528 B.R. 874, 881 (E.D. Wisc. 2015) (explaining that "speculative harm is insufficient to confer standing" under the "person aggrieved" test).

    Despite its efforts, French has not shown that it is "<u>directly</u> and adversely affected pecuniarily by an order of the bankruptcy court." Fondiller, 707 F.2d at 442 (emphasis added). French argues that "the intended use of the HIP Order" will cause French "to suffer a 'diminution in property.' " French reasons that "the City deliberately intertwined the HIP bankruptcy with the WCM case" so that it could use consummation of the HIP order "to equitably moot" French's appeal in the WCM case by arguing that it would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'   JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

"difficult to unravel the Global Settlement by reason of the activities in the HIP case."[11] Opp'n at 9, 4. In support, French points to arguments made by the City and other settling parties that (1) a stay of the WCM case would delay the closing of the HIP estate, and (2) the HIP Trustee's payment to the WCM Trustee could moot the WCM appeal. See, e.g., Chow Decl. Exs. F at 6, I at 2 & H at 2.

But French cites no authority indicating that the possibility that opposing counsel will make an equitable mootness argument in a distinct case suffices to confer standing under the stringent "person aggrieved" standard, and the Court is not persuaded that it does. As the Ninth Circuit has noted, the need to limit appellate bankruptcy standing

> springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation. In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.

Fondiller, 707 F.2d at 443. Here, while French may be "to some degree interested" in the administration of the HIP estate, it cannot be said that its pecuniary interests have been "directly affected" by approval of the HIP Trustee's motion. At best, those interests may be indirectly affected in the future by collateral consequences of the Bankruptcy Court's order. But the "person aggrieved" test requires that the bankruptcy court's order, <u>itself</u>, <u>directly</u> affect the appellant's interests. Because French has not met its burden of showing its standing to appeal in the HIP case, that appeal must be dismissed.

---

[11]The doctrine of equitable mootness "applies when appellants 'have failed and neglected diligently to pursue their available remedies to obtain a stay' and circumstances have changed so as to 'render it inequitable to consider the merits of the appeal.'" Popp, 323 B.R. at 271 (quoting In re Focus Media, Inc., 378 F.3d 916, 923 (9th Cir. 2004)). Courts have applied this doctrine when a case "present[s] transactions" that are especially "complex or difficult to unwind." In re Lowenschuss, 170 F.3d 923, 933 (9th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

### B. Sanctions

The City argues that French's appeal was filed in bad faith, and moves for an award of sanctions against French and its counsel under 28 U.S.C. § 1927 or the Court's inherent powers. The City requests sanctions in the amount of $21,475, which it represents to be the expense incurred by the City "as a result of French's frivolous appeal." Mot. at 19.

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Mgmt. Co., Secs. Litig., 78 F.3d 431, 435 (9th Cir. 1996). Before § 1927 sanctions can be imposed, the court must make a finding of subjective bad faith, not simply objectively unreasonable behavior. Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 184 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Keegan Mgmt. Co., 78 F.3d at 436 (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986)). The decision to sanction an attorney under § 1927 rests in the sound discretion of the district court. See, e.g., Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1996) (district court abused its discretion by not awarding sanctions); MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1121 (9th Cir. 1991) (district court abused its discretion by awarding sanctions).

In addition, "a district court has the inherent power to impose sanctions on counsel who 'willfully abuse[s] judicial processes,'" Blodgett, 709 F.2d at 610 (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 756 (1980)), or upon an abusive litigant, see Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" Id. (quoting Roadway Express, 447 U.S. at 767). A district court's decision whether to award sanctions under its inherent powers is reviewed for abuse of discretion; however, such sanctions "should be reserved for the 'rare and exceptional case where the actions i clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" Id. at 648, 649 (quoting Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-04091-CAS | Date | July 27, 2015 |
|---|---|---|---|
| Title | IN RE: HASSAN IMPORTS PARTNERSHIP | | |

      The City argues that French filed and pursued this appeal in bad faith because French's lack of standing was plain and pointed out several times by opposing counsel. The City asserts that the purportedly bad faith appeal has caused it to incur significant (public) expense opposing French's two motions for stays and filing the instant motion to dismiss, and has also diminished the HIP estate by imposing unnecessary litigation costs on the HIP Trustee. Moreover, the City submits evidence that the HIP Trustee has put on hold his plans to wind up the estate, telling counsel that he was "pulling [his] notice to professionals until [the] appeals are resolved, at least as to HIP" because "[a]lthough there is no stay, a court could undo the settlement and force [him] to distribute [the estate's] funds other than as planned." Owens Decl. Ex. 4; HIP Bankr. Dkt. No. 1314.

      Although the Court finds that French lacks standing to pursue this appeal, the Court is not convinced that the appeal was brought in subjective bad faith. This is especially so because French made an offer to dismiss this appeal and focus on the WCM appeal, albeit an offer with conditions that the settling parties evidently found unacceptable. Mindful of the high bar required to impose sanctions under § 1927 or its inherent powers, the Court will not do so on the record at hand.

## IV. CONCLUSION

      French lacks standing to pursue this appeal for the independent reasons that (1) it failed to oppose in the bankruptcy court the order from which it appeals, and (2) it has not shown that its pecuniary interests are directly and adversely affected by the bankruptcy court's order. Accordingly, the Court **GRANTS** the motion to dismiss this appeal and **DENIES** the motion for sanctions.

      IT IS SO ORDERED.

| | 00 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |